UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATALIE W,

Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No.  2:25-cv-00716-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a claim for SSI and DIB on April 16, 2018, alleging disability beginning April 1, 2017. AR 310. Her applications were denied initially and upon reconsideration. AR 308-59. ALJ Virginia Robinson held a hearing on December 5, 2019, and found plaintiff not disabled. AR 18-32. The Appeals Council denied plaintiff's request for review and plaintiff filed an action in this Court. AR 1-3, 2030-31. On stipulation by the parties, this Court reversed and remanded the claim for further

1

proceedings. AR 2037-38. The ALJ again found plaintiff not disabled. AR 2087-2111. Plaintiff filed written exceptions to that decision, and the Appeals Council remanded the case for further proceedings before a new ALJ. AR 2123-24. ALJ Cecilia LaCara held a hearing on December 8, 2023, and once more found plaintiff not disabled. AR 1910-36.

The ALJ found plaintiff had the following severe impairments: degenerative disc disease; osteoarthritis of the right acromioclavicular joint; fibromyalgia; migraine headaches; hypertension; ischemic heart disease; obesity; anxiety disorder; bipolar disorder; post-traumatic stress disorder (PTSD); and chronic opioid use disorder. AR 1912. Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can:

> frequently climb ramps or stairs, stoop, kneel, and crouch; never climb ladders, ropes or scaffolds; occasionally crawl; occasionally engage in right overhead reaching; must avoid concentrated exposure to excessive industrial levels of noise, excessive industrial levels of vibration, and respiratory irritants; work is limited to simple, routine tasks with occasional changes in the work setting and decision making; occasional interaction with the public; and frequent superficial interaction with coworkers.

AR 1919. The ALJ found plaintiff could perform work existing in the national economy and was accordingly not disabled. AR 1935. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed to this Court.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

Plaintiff argues that the ALJ failed to explain why she rejected opinions from the state agency psychological consultants and failed to give legally sufficient reasons for rejecting the opinions of Margaret Cunningham, Ph.D., and Gilberto Fernandez, MSW. Dkt. 12 at 1.

### 1. Medical Evidence

Under the applicable regulations the ALJ was required to articulate how persuasive she found each medical opinion or prior administrative medical finding and explain how she considered supportability and consistency in her analysis. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods v. Kijakazi,* 32 F.4th 785, 791-92 (9th Cir. 2022). Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. An ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

### a. State Agency Psychological Consultants

3

Plaintiff argues that the ALJ erred in finding the state agency psychological consultants' opinions persuasive but failing to adopt all the limitations in those findings when crafting the RFC. Dkt. 12 at 5.

State agency psychological consultant Matthew Comrie, PsyD., reviewed plaintiff's claim at the initial level and found that she was moderately limited in the abilities to maintain attention and concentration for extended periods and to complete a normal workday or workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. AR 335. He noted that plaintiff would be expected to have occasional breaks in concentration, persistence, and pace (CPP) due to her mental health symptoms, but such breaks would not interfere with her ability to complete a normal workday and workweek. *Id.* On reconsideration, Michael Regets, Ph.D., affirmed these findings. AR 353-54.

Plaintiff filed a new application in 2020 which has been consolidated with her prior applications. Dr. Beth Fitterer reviewed this claim at the initial level and found plaintiff moderately limited in her ability to carry out detailed instructions and work in coordination with or in proximity to others without being distracted by them. AR 2047. She stated that plaintiff could carry out simple routine tasks with occasional distractibility secondary to PTSD. *Id.*

The ALJ found the findings of Dr. Comrie, Dr. Regets, and Dr. Fitterer generally persuasive. AR 1928. Plaintiff argues that because the RFC did not address the occasional breaks in CPP opined by Dr. Comrie & Dr. Regets or the occasional distractibility opined by Dr. Fitterer, the ALJ rejected these limitations without

explanation.[1] Dkt. 12 at 5. The Commissioner argues that the ALJ reasonably incorporated these limitations in the RFC. Dkt. 14 at 4-5.

The ALJ is responsible for "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.,* 807 F.3d 996, 1006 (9th Cir. 2015). The RFC need not directly correspond to a specific medical opinion, but if the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, available at 1996 WL 374184, at *7 (July 2, 1996). An ALJ's RFC assessment adequately captures restrictions related to concentration, persistence, or pace where the assessment is "consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008) (finding a limitation to simple, routine, repetitive work was consistent with opinion that a claimant could carry out "very short simple instructions").

Relying on *Stubbs-Danielson,* the Ninth Circuit has found restrictions to simple repetitive tasks accounted for moderate difficulties in concentration, persistence, or pace. *Lee v. Berryhill,* 721 F. App'x 604, 608 (9th Cir. 2017); *Turner v. Berryhill*, 705 F. App'x 495, 498-99 (9th Cir. 2017). Here, the ALJ limited plaintiff to simple, routine tasks with occasional changes in the work setting and decision making. AR 1919. Thus, the RFC adequately incorporates the moderate limitations opined by the state agency psychological consultants.

**b. Margaret Cunningham, Ph.D.**

---

[1] Plaintiff also contends that "occasional" in the social security context means up to one-third of a workday and implies that the state agency consultants intended that her breaks in CPP and distractibility would occur up to one-third of the workday. Dkt. 12 at 5. As all three doctors concluded that plaintiff was capable of unskilled work despite her functional limitations, the Court may infer that they implemented this definition of "occasional" when forming their opinions.

Dr. Cunningham evaluated plaintiff in November 2017 and found her markedly limited in her ability to sustain the following basic work activities: adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 751. She found plaintiff moderately limited in nine other basic work activities. *Id.* The ALJ found the opinion unpersuasive on supportability and consistency grounds. AR 1932.

### i. Supportability

The ALJ found Dr. Cunningham's opinion unpersuasive because it was not well supported by her relatively unremarkable mental status examination (MSE). AR 1932. Plaintiff argues the ALJ did not actually review Dr. Cunningham's findings or provide any reasoning to support her conclusion. Dkt. 12 at 9.

The ALJ's supportability findings are not supported by substantial evidence. First, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required." *Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ also mischaracterizes Dr. Cunningham's findings as unremarkable when the MSE actually contains several abnormal findings. Plaintiff's mood was anxious and depressed, and her affect was anxious and worried. AR 753. Dr. Cunningham found plaintiff's thought process and content were not within normal limits because she hears her name called, misperceives things, and has generalized paranoia and thoughts of suicide. *Id.* Plaintiff's orientation, fund of knowledge, and concentration also were not within normal limits, as plaintiff did not

know the season or day, did not know the name of the governor, and could not count backward by seven. *Id.* Beyond the MSE, plaintiff scored in the severe range for generalized anxiety and major depression on the Beck Anxiety Inventory and Beck Depression Inventory-II, respectively. AR 754. These findings support Dr. Cunningham's opinion that plaintiff would have a number of marked functional limitations. Accordingly, the ALJ's supportability findings are not supported by substantial evidence.

### ii.  Consistency

The ALJ found Dr. Cunningham's opinion of marked limitations inconsistent with the record, including relatively normal findings on mental status examination, evidence of improvement with treatment, and plaintiff's activities such as caring for children and driving. AR 1932-33.

While ALJs must rely on examples to support their findings, the data points they choose must constitute examples of a broader development. *Garrison,* 759 F.3d at 1018. An ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984). Considered in full, the record shows repeated instances of mania and hypomania, visual, and auditory hallucinations, paranoia, sleep disturbances, severe anxiety, and episodes of self-injury. *See, e.g.*, 632, 644, 647, 1077, 1143, 2497, 2512, 2527, 2542, 2671, 2680. The ALJ has erroneously cherry-picked normal MSE findings which do not accurately reflect the record as a whole. *Holohan v. Massanari,* 246 F.3d 1195, 1207-08 (9th Cir. 2001) (finding error where the ALJ cherry-picked certain entries in records while ignoring others).

The ALJ also found Dr. Cunningham's opinion inconsistent with plaintiff's improvement with treatment. AR 1932. Evidence that a claimant has improved with treatment can undermine a claim for disability, but "some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan,* 246 F.3d at 1205. In the context of mental health issues, the Ninth Circuit has cautioned that reports of improvement "must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison,* 759 F.3d at 1017. This is particularly relevant here, where plaintiff is diagnosed with bipolar disorder, a condition that waxes and wanes. *Attmore v. Colvin,* 827 F.3d 872, 878 (9th Cir. 2016); *see also Buck v. Colvin*, 540 F. App'x 772, 773 (9th Cir. 2013) ("Given the episodic nature of bipolar disorder, short-lived improvements in functioning are consistent with the diagnosis[.]").

The ALJ erroneously isolated notations of improvement from the records in which they appear, which –  when considered in context -- indicate ongoing symptoms such as auditory hallucinations, racing thoughts, high energy, grandiose presentation, and nightmares. *See, e.g,* AR 1477, 2550, 2557, 3222, 3245. The ALJ also selectively focused on visits where plaintiff is noted as stable on her psychiatric medications but the ALJ failed to acknowledge the context -- counseling records from around the same time that indicate ongoing symptoms. *Compare* AR 1660 (August 22, 2019 visit with PCP, stable on medication) *and* AR 2557 (August 15, 2019 therapy note, high manic mood, experiencing sudden changes in mood and energy, presents as grandiose); *compare* AR 2586 (April 22, 2020 medication management visit, stable and at baseline) *and* AR 2611 (April 23, 2020 therapy note, having problems with sleep, high levels of anxiety,

and increased mania). The ALJ has thus committed the same error as that in *Garrison,* where "[r]ather than describe [plaintiff's] symptoms, course of treatment, and bouts of remission, and thereby chart a course of improvement, the ALJ improperly singled out a few periods of temporary well-being from a sustained period of impairment[.]" 759 F.3d at 1018.

The ALJ also found Dr. Cunningham's opinion inconsistent with evidence of plaintiff's activities, such as caring for her children and driving. AR 1932-33. An ALJ may reject an opinion when the physician sets restrictions that "appear to be inconsistent with the level of activity that [the claimant] engaged in." *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001). The ability to care for others without help has been considered an activity that may undermine claims of disability. *Id.* at 857 (restrictions inconsistent with ability to raise two young children without significant assistance from ex-husband). But "[a]bsent specific details about [claimant's] childcare responsibilities, those tasks cannot constitute "substantial evidence" inconsistent with [the physician's] opinion[.]" *Trevizo v. Berryhill,* 871 F.3d 664, 676 (9th Cir. 2017).

Plaintiff's childcare responsibilities are not inconsistent with Dr. Cunningham's opinion. At her first hearing plaintiff described her children (13 and 17 years old at the time) as "rather self-sufficient." AR 281, 284. On another occasion she stated her kids "can mostly take care of themselves." AR 2978-79. She also receives assistance from her boyfriend in caring for her children. AR 517, 1991, 3185.

Despite their self-sufficiency and help from her boyfriend, plaintiff has stated at numerous therapy appointments that caring for her family is stressful and overwhelming. AR 2550, 2557, 2575, 3185. Thus, plaintiff's parenting responsibilities, at

least as they are reflected in the record before the Court, are not inconsistent with Dr. Cunningham's opinion. Nor is her ability to drive. Dr. Cunningham did not restrict plaintiff from driving, and the ALJ fails to explain why driving is inherently inconsistent with the limitations opined by Dr. Cunningham.

In sum, the ALJ's consistency findings are not supported by substantial evidence. Having failed to articulate valid supportability or consistency findings, the ALJ erroneously rejected Dr. Cunningham's opinion. As Dr. Cunningham opined limitations more restrictive than those included in the RFC, the error was not "inconsequential to the nondisability determination," and was therefore harmful. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

### c. Gilberto Fernandez, MSW

Mr. Fernandez, plaintiff's therapist of several years, opined plaintiff had marked limitations in the following categories: remember locations and work-like procedures; understand and remember very short and simple instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms; and deal with normal work stress. AR 1891. He also opined a number of mild and moderate limitations. *Id.* The ALJ found his opinion unpersuasive on supportability and consistency grounds. AR 1933

### i. Supportability

The ALJ found Mr. Fernandez's opinion was not well supported by his treatment notes because the treatment notes indicate plaintiff's mental health has been generally stable. AR 1933.

The ALJ's s The ALJ's supportability findings are not supported by substantial evidence and are erroneous in two respects. First, the fact that a person's condition is stable has little bearing on whether a condition is disabling. "Stable" is defined as steady, not varying, and resistant to change. *Stedmans Medical Dictionary* 842460. Many courts in this circuit have held the fact that a plaintiff's condition is stable does not, without more, indicate that a plaintiff's condition is not disabling. *See, e.g.,* *Petty v. Astrue,* 550 F. Supp. 2d 1089, 1099 (D. Ariz. 2008) ("The Court initially notes that a condition can be stable but disabling."); *Gomez v. Kijakazi,* 2023 WL 6811993, at *7 (E.D. Cal. Oct. 16, 2023); *Debra D. B. v. Comm'r, Soc. Sec. Admin.,* 202 WL 118255, at *6 (D. Or. Jan. 9, 2020).

Further, as with the other mental health medical opinions discussed above, the decision shows the ALJ cherry-picked normal findings that do not reflect the context of plaintiff's overall challenges, and consequently mischaracterized Mr. Fernandez's treatment notes as showing stability. The Court is required to consider the whole medical record; Mr. Fernandez's treatment notes reveal that, consistent with the diagnosis of bipolar disorder, plaintiff experienced many ups and downs in her condition over the course of their four-year treatment relationship. *See, e.g.*, AR 631-719 (significant manic symptoms consistently between June and October 2017); AR 2559-79 (documented stability between June and August 2019); AR 2524 (November 2019, plaintiff rates mania 8/10, noted as thoughts moving too fast, abnormally upbeat, and talkative); AR 3218-46 (stable and doing well between April and August 2021).

### ii.  Consistency

The ALJ's consistency analysis for Mr. Fernandez's opinion is identical to that used for Dr. Cunningham's opinion. *See* AR 1932-33. This analysis is not supported by substantial evidence for the same reasons already discussed above. Having failed to articulate valid supportability or consistency findings, the ALJ erroneously rejected Mr. Fernandez's opinion. As Mr. Fernandez opined limitations more restrictive than those included in the RFC, the error was not "inconsequential to the ultimate nondisability determination," and was therefore harmful. *Molina,* 674 F.3d at 1115.

CONCLUSION

For those reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the ALJ shall conduct a de novo hearing, allow plaintiff to present additional evidence, reevaluate the medical evidence, and proceed with the sequential analysis as necessary.

Dated this 20th day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge